The defendant, Harold R. Wendling, has appealed suspensively from a judgment of the Civil District Court ordering him to vacate the premises No. 1309 Canal Street in the City of New Orleans (which is a commercial property) within 24 hours from the date of the decree and, in default thereof, to be forcibly ejected by the Civil Sheriff.
The facts of the case are not in dispute and we find them to be as follows: The plaintiff, S. Gumbel Realty Security Company, Inc., is the owner of the premises in contest, having leased them by written contract, dated June 21, 1943, to one John Pareti for a term of 12 months commencing October 1, 1943, and ending September 30, 1944. During the term of this lease, Pareti sub-leased the property to the defendant by verbal contract from month to month. On September 13, 1944, plaintiff, as owner of the property, notified the defendant in writing that its lease to Pareti would expire on September 30, 1944, and requested that defendant vacate the premises on or before that date as the property had been rented by it to someone else. Upon defendant's failure to comply with this notice to vacate, plaintiff, on October 4, 1944, brought this proceeding in the Civil District Court for his eviction and also sought recovery from him of certain liquidated damages and attorneys' fees which are provided for in its lease contract with Pareti. A rule upon the defendant to show cause was duly issued by the District Court and, on the return day thereof, the defendant appeared and interposed exceptions of misjoinder and nonjoinder of parties defendant and of no right or cause of action. In addition thereto, defendant filed an answer in which he denied plaintiff's right to eject him from the premises setting forth that no privity of contract existed between plaintiff and himself; that he was merely a sub-tenant holding under a verbal lease from Pareti and that the law did not authorize the owner of the property to proceed by summary process against him.
After a consideration of the evidence and the pleas interposed by the defendant, the judge of the District Court entered a decree ordering him to vacate the premises within 24 hours and, in default thereof, that a writ of possession issue directed to the Civil Sheriff to forcibly eject him and put plaintiff in full possession of the property. Since the judgment is silent with respect to plaintiff's claim for liquidated damages and attorneys' fees, we assume that this demand was rejected. Hence, the only question presented for our determination is whether the judge was correct in ordering defendant's ejection from the premises.
The sole defense to the suit, as we have stated, is that Section 2155 of the Revised Statutes, as amended by Act No. 200 of 1936, Dart's Louisiana General Statutes, § 6597, which provides for summary process *Page 581 
by owners or lessors of real estate against their tenants for possession of property, is without application to a suit by an owner against a sub-lessee inasmuch as there is no privity of contract between the owner and such undertenant. The exceptions filed by defendant and his answer to the suit are all based upon this theory.
The judge of the district court was of the opinion that the relief sought by plaintiff was cognizable under the provisions of Act No. 298 of 1938, which establishes a method of procedure whereby a landowner may obtain the ejectment and removal of sharecroppers, half hands, day laborers and other occupants of houses, buildings or landed estates, (other than tenants or lessees) where the purpose of such occupancy has ceased or terminated. While we are not convinced that Act No. 298 of 1938 is applicable to this type of case, we find it unnecessary to decide this question for as much as it is clear to us that plaintiff has properly proceeded under the provisions of Section 2155 of the Revised Statutes, as amended, and that it is entitled to avail itself of the summary process authorized by that statute.
Section 2158 of the Revised Statutes, Dart's Louisiana General Statutes, § 6600, declares that:
"It shall be lawful for any lessor to make use of the provisions of the foregoing sections against any underlessee or tenant whom he may find in possession of the premises by him so leased."
This section, which was called to our attention only after the case had been submitted to us for decision, is full authority for the proceedings taken herein. The section is a reenactment of Section 4 of Act No. 284 of 1855 and was incorporated into the Revised Statutes as Section 2158 with Sections 2155, 2156, 2157 et seq. under the title "Landlord and Tenant." There can be no doubt whatever that the permission granted to plaintiff "to make use of the provisions of the foregoing sections", refers to Section 2155 which grants to the owner of premises the right to eject his tenant upon a ten day notice prior to the expiration of the lease.
The defendant's right to possession of the premises in question depended entirely upon the rights of his lessor, Pareti. When the latter's rights terminated by the expiration of his lease with plaintiff, defendant's right to possession was likewise lost and plaintiff was entitled to proceed against him summarily for the possession of the premises by giving him the usual ten day notice provided for in Section 2155 of the Revised Statutes.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent, takes no part. *Page 612